**INTERNATIONAL RY. CO. v. DAVIDSON, Collector of Customs.**

(District Court, W. D. New York. December 2, 1920.)

1. **Customs duties ⊗⊃92—Carrier of passengers must pay for examination of baggage on Sundays and holidays.**

   Rev. St. § 3100 (Comp. St. § 5812), as to inspection, and Act Feb. 13, 1911, § 5 (Comp. St. § 5571), as amended by Act Feb. 7, 1920, permitting a vessel to unload on Sundays and holidays on payment of extra compensation to the customs inspectors, applies to a carrier of passengers by trolley car, so that the customs collector can refuse to inspect the baggage of such passengers on Sundays and holidays, unless compensation for the inspectors is paid, and can impound such baggage for inspection on the next working day.

2. **Customs duties ⊗⊃53—Rule regulating baggage inspection on Sundays held reasonable.**

   The ruling of the Treasury Department requiring baggage brought in by trolley car passengers on Sundays and holidays to be impounded for inspection on the next working day, unless the trolley company pays the extra compensation for inspection under the provision of Rev. St. § 3100 (Comp. St. § 5812), and Act Feb. 13, 1911, § 5 (Comp. St. § 5571), as amended by Act Feb. 7, 1920, is a reasonable exercise of the department's power to make regulations for the enforcement of that section, and the court cannot substitute its judgment for that of the department.

---

⊗⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Customs duties ☞92—Advance notice of arrival not essential to duty to pay for extra services of inspectors.**

Under Act Feb. 13, 1911, § 5 (Comp. St. § 5571), as amended by Act Feb. 7, 1920, authorizing the unloading of a vessel on Sundays and holidays, if advance notice is given the customs collector and extra compensation paid to the inspector, which has been amended to apply to all conveyances, the collector can require a trolley company to pay the extra expense of inspecting the baggage of passengers brought in on Sundays and holidays, though it cannot give advance notice of the arrival.

In Equity. Suit by the International Railway Company against George G. Davidson, Jr., Collector of Customs. On motion for injunction. Injunction denied.

Signor & Signor, of Albion, N. Y. (Charles G. Signor, of Albion, N. Y., of counsel), for the motion.

John T. Walsh, Sp. Asst. U. S. Atty., of Buffalo, N. Y., opposed.

HAZEL, District Judge. Motion to enjoin the collector of customs of the port of Buffalo from closing international toll bridges over Niagara river at Niagara Falls, N. Y., on Sundays and holidays, on the ground that the plaintiff owner declines to pay for extra services performed by inspectors of customs on such days at a double-time rate. According to the affidavit of the collector, he does not intend to close the toll bridges to traffic on Sundays and holidays, but in the performance of his duties he has promulgated certain rules relating to the inspection of baggage of passengers arriving on defendant's trolley cars from Canada and to other vehicles using the toll bridges for entering the United States from Canada, and to baggage carried by trolley cars or other conveyances, and inspecting the baggage of pedestrians, requiring its surrender to the collector, for the purpose of examining it on the day succeeding a Sunday or holiday, unless the plaintiff complies with section 5 of the act of February 15, 1920, requiring payment of it of such extra services performed on Sundays and holidays by the customs inspectors.

[1] Plaintiffs challenge the right of the collector to enforce any such rules or to require payment by them for any such services. Upon reading the various statutes relating to the subject-matter, to wit, section 3100, R. S. (Comp. St. § 5812), section 5 of the Act of February 13, 1911 (Comp. St. § 5571), and the amendatory act of February 7, 1920 (41 Stat. 402), I have become satisfied that any vessel, car, or other conveyance arriving from a foreign country, and articles imported therefrom in such conveyances, must be unladen in the presence of a customs inspector to determine the dutiability of the merchandise; that the Secretary of the Treasury is authorized to prescribe regulations relating to the arrival of conveyances from a foreign country other than a vessel, and application for a special license to lade or unlade any conveyance at night or on Sunday and holidays shall be made and good and sufficient bond executed as a condition of receiving a permit for immediate lading or unlading; that the Secretary of the Treasury is required to fix a reasonable rate of extra compensation for overtime service by inspectors who are on duty at night or on

Sundays or holidays performing such services; and that such extra compensation shall be paid by the master owner, or consignee of the vessel or other conveyance "whenever such a special license or permit for lading or unlading shall be granted."

Plaintiff insists that such provisions are limited to vessels or other conveyances carrying cargoes or freight, and do not include passengers' baggage since the baggage carried is merely an incident of the transportation of the person. No doubt the earlier statute was intended to apply to vessels and their cargoes, but inclusion by the amendatory act of 1911 of the words "other conveyances," and the later inclusion by the act of 1920, section 5, of the words "receiving or examination of passengers' baggage," would seem to imply extra compensation for immediate examination of passengers' baggage. A reasonable construction of the act requires, I think, that the plaintiff apply for a permit for immediate examination of baggage and unlading on the specified days, if it desires a continuance of such service.

[2] The rules suggested or promulgated by the collector relating to the surrender and examination of baggage carried by trolley passengers or by other vehicular passengers on Sundays or holidays on the next secular day, and the requirements that plaintiff use reasonable means to advise persons using the toll bridges that no examination of passengers' baggage and vehicles would be made by the inspectors until the day succeeding a Sunday or holiday, were not in my opinion unreasonable or unconstitutional. The collector, I think, acted within his jurisdiction, and the rights of the plaintiff are not in any way impaired, since it has the right to a special license or permit and to the service of an inspector for immediate examination of the baggage of its arriving passengers and conveyances using the bridge. It is true that there is no specific authority for licensing a toll bridge (obviously not a conveyance) for lading or unlading, yet since plaintiff concededly is owner of the bridges and trolley cars carrying the baggage of its passengers for hire and using the bridges for transportation, and collecting tolls, the provisions of the statute apply to it.

[3] It is also argued that since the statute requires advance reports or arrivals of vessels or other conveyances, i. e., freight cars, for example, the contended limitation to such instrumentalities is clear since bridge companies and conveyances like automobiles could not report their arrival in advance. I think, however, a fair and proper construction of the act of 1920, read in connection with the act of 1911, does not require any such limitation, but rather implies that as to the term "any other conveyances," which I think includes trolley cars or other vehicles, the Secretary of the Treasury or the collector of the port may prescribe such suitable rules as in their judgment may be necessary, and in that regard this court cannot substitute its judgment for theirs.

The injunction prayed for is denied. Two days' notice of entry of order to plaintiff.