NIAGARA FALLS INTERNATIONAL BRIDGE CO. et al. v. DAVIDSON,
Collector of Customs.

(District Court, W. D. New York.   December 27, 1920.)

Customs duties ⬿92—Can impound baggage carried by vehicles and foot
passengers on Sundays and holidays.

Act Feb. 13, 1911, § 5 (Comp. St. § 5571), as amended by Act Feb. 7, 1920,
authorizes the collector of customs to establish a rule impounding baggage
brought in by foot passengers and drivers of vehicles on Sundays and
holidays for inspection on the next working day, unless the toll bridge com-
panies over whose bridges the passengers and vehicles arrived pay extra
compensation for the services of the inspectors on Sundays and holidays.

In Equity.   Suit by the Niagara Falls International Bridge Company
and another against George D. Davidson, Jr., Collector of Customs.
On motion for injunction.   Injunction denied.

Basil Robillard (of Cohn, Chormann & Franchot), of Niagara Falls,
for the motion.

John T. Walsh, Sp. Asst. U. S. Atty., of Buffalo, N. Y., opposed.

HAZEL, District Judge.   In this case, unlike the conceded facts
in International Railway Co. v. Davidson (D. C.) 271 Fed. 313, opinion
filed this day, it appears that no cars or conveyances owned by plain-
tiff are used over its bridges across Niagara river into Canada, and
that vehicles owned by others and foot passengers only use them, pay-
ing tolls or charges to the plaintiff for such use.   It is not intended
by defendant to close the bridges or directly interfere with traffic.
The simple question is whether section 5 of the Act of February 7,
1920 (41 Stat. 402), properly construed, includes conveyances, automo-
biles, and vehicles, regardless of their ownership, coming from a for-
eign place across the bridges into the United States, and whether, as
to them, the Secretary of the Treasury has the right to regulate
their arrival, and the examination of vehicles and of their baggage and
articles carried.

All merchandise, including vehicles and baggage carried in con-
veyances or by persons entering the United States, is concededly sub-
ject to inspection and examination by inspectors who perform their
duties during the hours fixed by the Secretary of the Treasury.   There
is no provision of law requiring the inspection and examination of the
conveyances or merchandise or baggage after the inspectors cease
working for the day.   The Act of February, 1911 (Comp. St. § 5571),
amended the existing law relating to unlading of vessels arriving from
a foreign port at night so as to include other conveyances.   The term
"other conveyances" was no doubt used in a restricted sense to convey-
ances such as freight trains importing merchandise into the United
States, and a special permit was granted to transporting companies
upon their paying the customs inspectors for overtime to work and
giving the bond required by law.   No provision was made for examin-
ing the baggage of persons coming into the United States from con-
tiguous territory over a bridge on Sundays or holidays and nights,
and the collector could, I think, have refused to perform such service.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

He nevertheless required the inspectors to give such extra services on Sundays and holidays. In February, 1920, however, Congress again amended the statute, and by section 5 provided that extra compensation should be paid the inspectors for working overtime and on Sundays and holidays, the rate of compensation to be fixed by the Secretary of the Treasury for services rendered "in connection with the unlading, receiving, or examination of passengers' baggage," and the act required payment for such services to be made by the master, owner, agent, or consignee of "such vessel or other conveyance whenever such special license or permit for immediate lading or unlading, or for lading or unlading at night, shall be granted to the collector of customs."

The collector is not required to provide inspectors at the bridges to examine baggage or merchandise arriving on holidays and Sundays; and in my estimation it would not be an unreasonable rule to refuse such examination on those days, and require the impounding of baggage and merchandise until the next day. True, as contended, there is no provision for licensing the plaintiff, and thus compelling the collector to have baggage, pedestrians, and merchandise examined on Sundays and holidays; but it must not be overlooked that the Secretary of the Treasury has the right under the statute to prescribe reasonable regulations for such inspection, examination, and collection of duties. The instructions to the collector from the Secretary of the Treasury with reference to foot passengers using plaintiff's bridges expressly permit them to enter, and only when the examination of their baggage consumes too much time on Sundays and holidays will it be detained until the following day. As stated in the opinion in the International Railway Co. Case, the Secretary of the Treasury has the lawful right to enact such reasonable rules as in his judgment may be necessary for properly carrying out the provisions of the statute and with reference thereto this court cannot interfere.

Other points argued have been considered, but they do not persuade me that the injunction should be continued during the pendency of the action. Two days' notice of entry of vacating order should be given the plaintiff.